Case number 10-00939, People v. Vernon Lauderdale. Will the attorneys please identify themselves? Good morning, Your Honors. Assistant State's Attorney, Kaleah Coleman, on behalf of the people of the state of Illinois. Good morning. My name is Leroy Williams from the Office of the State Appellant Defender, and I'm here on behalf of the defendant, Vernon Lauderdale. All right, good morning to you both. Mr. Williams, I assume you're going to want to reserve some time for rebuttal? Yes, I would like to reserve five minutes. All right, please proceed. This morning I would like to focus on Issue 1. However, if there are any questions regarding Issue 2, I'll be happy to answer them. At the sentencing hearing following Lauderdale's conviction for attempt first degree murder, the trial court made the following statement. Mr. Lauderdale, I truly wish there was a crime called attempt second degree murder. I wish that there was. I wish that the Illinois legislature, at the confidence in the judiciary, to give trial judges the freedom that they need in order to make sentences specific to the crimes committed. Mr. Williams, in your brief, I think it was in the reply brief, you made the statement that the judge said that he would have convicted him of second degree murder. I didn't see that in the judge's statement anywhere. Well, what the judge said was that the judge said that I know what he said. But tell me why you draw that conclusion from there. Well, I draw that conclusion because the judge said that in saying that, that necessarily meant that he found, after observing the complaining witness testify, that there was some sort of mitigating factor present. How do you make sure that, how do you draw the conclusion that he wasn't referring to his overall dissatisfaction with the mandatory 25 year to life additional enhancement? Because of the explicit statement that he made. He obviously was concerned with the firearm enhancement. But he also made the explicit statement that he wished that he could have found the defendant, or he wished that there was a statute that said that there was an attempt second degree murder. But when he said that, he was accurate, wasn't he? When he said that at the time, I mean, I know that this was shortly after the statute that you're relying on. But wasn't he correct because in Lopez, was it, that the court clearly said, and the legislature hasn't amended the attempt statute to change the fact that attempt second degree doesn't exist? Yes, that's true. However, the newly enacted statute, A-4C1E, allows the judiciary to make the determination at sentencing that if by preponderance of the evidence that the defendant can show that at the time that there was, that he was acting under a sudden and intense passion, that that will give the judiciary the freedom to sentence the defendant as if he had committed a second degree murder. Well, let's talk about that. An attempt second degree murder. I want you to tell me if you can, or how would you distinguish the two cases that are relied on by the state? And this is going to the prejudice front. The two cases, the one involving the CTA bus driver, where the passenger gets on and has some kind of a disagreement. It's really not clear. Sure. But at some point, the two of them move off the bus. There's some testimony that the bus driver may have struck the defendant with the puncher. Exactly. And then she pulls out a gun and kills the bus driver during this.  The second case is the one where the defendant said he was approached by the victim with a roller skate. And in response, he stabbed the victim multiple, multiple times. Sure. Both of those cases, the court said that these facts could not establish sudden intense passion. Sure. And you've relied on that in your brief, that one section mutual combat. True? Well, we didn't exactly say exactly what the provocation was. However, those cases are distinguishable on a number of points from this particular matter. Well, first of all, before you distinguish them, what is your theory as to what additional to the mutual combat problem you're relying on? Well, first of all, the only thing that we're asking for is for this matter to be sent back for a resentencing hearing. The statute calls for that particular, or those particular pieces of evidence to be put on at sentencing. No, but the issue is where it wasn't raised, under the prejudice prong of Strickland, there has to be some prejudicial impact. For there to be a prejudicial impact, there has to be some undercutting of the reliability of the outcome without asking for that, which necessitates showing how things could have or would have been different with it. So in order to get there, you have to tell us why or under what theory it would have occurred that it would be entitled to the possible reduction under second degree. Now, we've surmised that mutual combat is the one you're relying on. But you're apparently trying to play your cards a little close to the vest, saying that it might be another one. I'm trying to find out what the other one is. In this particular matter, the complaining witness was the only person to testify as to what occurred. So we're stuck with those facts, aren't we? Yes, we are. And the trial judge was in a position to assess the demeanor of this particular witness. And at sentencing, he made the comment that he wished that he could have sent the defendant to an attempt of second degree murder. That sounds like the trial court definitively found that there were credibility issues with this particular witness. This particular complaining witness stated that he participated in a gang for 18 years. Two years after that, he was sentenced for home invasion. He said that he wasn't in this gang. There was testimony from a witness who said that not only was he still in a gang, but that he was actively recruiting. On the day of the incident, this defendant- I understand all that. But what I'm asking you is that under this mitigating circumstance, in this case, if this were a murder and the defendant were trying to get a second degree instruction, there would have to be some evidence. And the rule is however slight. Now, I'm asking you, in this case, how do you distinguish those two other cases? Because the facts are, yeah, he might have been a gang member. Let's assume he was a gang member. But the facts that we are left with are that this defendant first pushed the other person to the ground. Then the victim punched this defendant in the jaw. And then the defendant pulls out a gun. There's no testimony that he thought the other guy was armed or that he had a gun or anything like that. The testimony is that the defendant then fired the gun. And it didn't, the bullet, it misfired. And then the victim said, did somebody give you a bullet or a gun without any bullets? And then he shot him once in the left leg, once in the right leg. Then the victim turns around to avoid being, what he said, shot in the heart. And he struck in the back with the bullets. The question I have for you is, how do you distinguish those cases? To show prejudice that, in this instance, that there was some mitigation because he fires a gun multiple times. How is that not out of proportion to being punched in the jaw? And once the facts are very important when it comes to this particular defendant, that defendant, the complaining witness is the only person who gave testimony which concerns what actually happened at the point that the shooting occurred. And if this particular witness says that the defendant pushed someone down and that the defendant, he struck the defendant, that he was unarmed, that the defendant did not believe that he was armed, these are all things that came from that one particular witness. And it is important because the statute doesn't have the second prong, second degree murder, right? It has to be under the four traditional. Yes, it has to be. It can't be unreasonably self-defense. It cannot be. It has to be serious provocation. So here, all of the testimony which deals with the provocation comes from the complaining witness. And it's important that the trial judge, as a matter of fact, had the opportunity to view this witness. And in doing so, he still came to the conclusion that he believed that a mitigating factor was present. All of the things in which you. I don't know where he said that. I keep saying that. You keep saying that, and you're reading of it. You're reading a lot between the lines. Well, in this particular case, the fact that the new statute was not on the books at the time that this case took place. It took place in December before this occurred. But the sentencing did. The sentencing took place in February. So you're saying that there's a possibility that had this statute been in place, had the judge known about it, maybe the whole thing would have been different? No. What I'm saying is that at this particular point, when the evidence was being placed into it, there was no reason for defense counsel to develop this particular fact, to develop this particular whether or not there was mutual combat. At this particular point, defense counsel had no reason to, no strategic reason to put that information into the actual court because he would essentially be admitting to his defendant's guilt. At that particular point, defense counsel's theory of defense was that it was either self-defense or misidentification. At sentencing, after the New Year, that would have been the point that defense counsel would have put in evidence pertaining to whether or not there was serious provocation. And here, the- Well, do you think the evidence suggested a trial self-defense? Yes, I believe it did. The defendant was struck by a person who says that the defendant was anywhere between 5'7", whereas he stated that he was 6'1". How are you going to get the facts to be different on a remand? Well, at this point. How is that going to change? Well, the testimony of the complaining witness will not change, but the defendant will have the opportunity to put on evidence to show by preponderance of the evidence that it was mutual combat, and in this particular, or that there was serious provocation. And here, the trial judge made an explicit finding, or he made explicitly stated that he wished that he could have convicted the defendant under the statute. But that really hasn't changed under the statute. No, it hasn't. But the sentencing provision has. Let me ask you this. Do you read this sentencing provision to mean that the 15, the 20, 25, your add-on goes away? Yes. The plain language of the statute is such that the sentencing enhancements are in sections A, B, and C. In the earlier sections of the statute, the section E does not have the firearm enhancement. Furthermore, when it comes to second degree murder, there is no enhancement. So for an attempt second degree, there should also be no enhancement as well. And also- Under what statute are you basing your second degree no enhancement? There is no enhancement if a defendant is found, if a defendant is- The minimum is, the maximum is 20? There's no add-on for discharging a firearm? No, there is not. But what are you citing for that? The actual sentencing provisions, they do not call for a firearm enhancement. That's only under the murder statute, first degree, 15, 20, 25? For second degree as well. There is no add-on for second degree. So in this particular instance, for an attempt second degree, there should be no add-on as well. In the plain language of the new- But this isn't an attempt second degree. Because the Supreme Court has said that. And even the way the statute is written in subsection E, it doesn't call it attempt second degree. It calls it attempt first degree with a mitigating fact. Yes, but that language mirrors the second degree murder statute. It mirrors the language identically. So that is clear. It doesn't say, you have the enhancement in subsection D, and then right below it in subsection E, it says as opposed to what it said in D that it would be a class X, it says in subsection E it would then be reduced to a class 1. It is completely, you would agree, completely silent of an express statement that whether the enhancement does or does not survive that mitigation. Yes, but, however, the silence is- That's the plain language of the statute. It's clear that the firearm enhancement was not intended for individuals who could show- What is it intended for? Strictly murder? Yes, it's- The 1520 to 25 is strictly for murder. Yes. And attempt first degree. And attempt first degree. Exactly. In your theory. Yes. But to- But has this statute changed? Has this statute that permits at sentencing to reduce the class, from class X to class 1, does this sentencing provision change the offense so that under your theory if a judge is permitted to do this at sentencing he's not required, even though the defendant is still convicted of attempt murder, that the judge somehow is allowed to ignore the 1520 to 25 year add-on? You don't really cite any authority other than saying it's not in this sentencing provision. Well, the judge would not be ignoring the previous section. He would only be applying the new section if the defendant can show by preponderance of the evidence that he was acting under serious provocation. That is, he's not ignoring it. What he's doing is that he is given the power to give another sentence, which is more indicative of the actual crime that was committed. So aren't you kind of putting now two things into the statute? You're saying if someone's found guilty of attempt murder and they aren't able to establish the mitigating factor, that person is subject to the 1520 to 25 year add-on. But we should also read into this that if the defendant is able to establish at sentencing the mitigating factor, then they're not subject to the 1520 to 25 year add-on, that they would have been had they been convicted of attempt murder without the mitigating factor. But that's not something that I'm adding on. That's the plain reading of the statute. That's what the statute says. I don't see it in there. I think what it is is it's another example of with the best intentions, I'm sure, the drafters of this legislation didn't expressly say what their intent was. And it gives you the opportunity to argue, as you have eloquently, that it wouldn't appear to apply because it suggests looking at this circumstance as if it were really what the Supreme Court says doesn't exist in an attempt second degree. And it would give the state the opportunity to take the contrary position that what D gives in terms of the add-on, E does not take away. It just changes the expression in D from a class X to an expression in E as a class 1. And basically what's left for courts to do unless and until the legislature redrafts this, is to try to define their meaning from the statute. I disagree with Your Honor respectfully. However, that is not an issue that we would actually re-clear. Well, if it's ambiguous, it should work in your favor. And also, this is not something that would be decided right now at this particular point. The only thing before you is whether or not defense counsel was ineffective for not bringing this to the trial court's attention. That matter is to be determined upon re-sensitizing. One remand. That is something for the trial court to determine. At sentencing, it's not something for... How would you argue, though, that this was not like overkill? Pardon the pun. Sure. To get back to the fact that whether or not this was serious fabrication. Yes. And in this particular matter, it's important to understand that the complaining witness is the person who put in the testimony that he was not armed. This is the person who committed a home invasion. And so it was to his advantage to be dishonest. On the other hand, you have a self-defense as part of the defense at trial. That was an alternative argument as opposed to misidentification. So with an alternative argument of self-defense, and, you know, having been there myself, it's really hard to say, I wasn't there and if I was there, I was acting in self-defense. And it was... But even assuming somebody gets over that logical inconsistency and questionable tactical decision, there would have been an incentive to have somebody who had information on the fact that this person was armed provide such information. Sure. However, Your Honors, I'm not taking into consideration the fact that the complaining witness stated that there were over ten other people out here on this particular day, including his cousin, who he allegedly was defending, and none of them came forward on his behalf to testify or to support his testimony. The trial court was, as a matter of fact, in a much better position to witness the demeanor of this particular witness and to make those type of credibility determinations. And so we are stuck with the trial court's credibility determinations as well,  And here in this particular instance, the trial court was explicit in stating... No, it was not explicit. It was explicit. You keep saying that, but the words that came out of the judge's mouth are, I truly wish there was a crime called attempt second-degree murder. From that, you extrapolate the missing second sentence, which is, and if there were, I would have only convicted you of that. I understand why you're making that argument, but you're overselling it in the sense that he never said that. But then he goes on to say that he wished that the legislature had given him the freedom so that he could fashion the sentence to the specific crime committed. Which I read as saying, I'm not happy with this enhancement, because as he goes on to say later, he would have given him something over six on the class X if he had had the freedom, but he wouldn't have given him the additional 25. So he says it would have been somewhere between six and presumably 30 without the mandatory 25-year add-on. That's the most that I think can reasonably be read into what the judge was saying. That is one particular way of looking at it, but we still stuck with the fact that the judge did make this particular statement in the very beginning that he wished that there was a crime called second-degree murder. But when he said that, he's not really ignorant and he's not misstating anything, because this statute didn't change the fact that attempt second-degree doesn't exist as we speak right now. He was griping about the 15-20 to 25-year add-on. That is, you know, in many ways crippling judges, and that's what he was griping about. I just don't see him making any, you know, I don't think he's saying anything that isn't accurate. But, you know, it does certainly appear that maybe parties were not informed about this provision at the time sentencing. Yes, it's clear that defense counsel and the court were not. And, however, when it comes to the argument that we're making today, that is definitively unreasonable. That's unreasonable on defense. First part. But the second part is still. Don't you have to develop from this record? Aren't you required to develop from this record a showing of prejudice? Aren't you required? The prejudice is that defense counsel failing to give or make the court aware of this. At the particular point that the court made this statement, defense counsel has simply told him or made him aware of the fact that there was this new statute on the books. There's a reasonable probability. I just don't see him agreeing with this suggestion that there's all this evidence that should have been argued in a different way or that somehow these facts could amount to the mitigating factors that the attempt to statute now permits at sentencing. I think you have to develop that from the record. I don't think you can tell us now, well, if we go back, the defendant will testify and he will say this or we'll call this witness. I mean, I do think you have to show us the prejudice now. We can't, like, speculate. Well, the prejudice here is that this particular defendant was struck by a man who was much bigger than him, who was a guy who was a prince in a gang who was called maniac, who was swung on another individual hours before, who said that this particular individual was selling drugs. You know, that doesn't let you pull out a gun and actually take some time, have it misfire twice, then shoot him in one leg, shoot him in another, shoot him in the back, and he's never armed. I mean, we just don't have that. But the testimony about him not being armed comes from him. Well, there's also the lack of firing back. That might be some indication that the man wasn't armed. It seems he gets shot in the legs, and instead of firing back, he just turns his body around. Doesn't that suggest pretty strongly circumstantially that the man didn't have a weapon? Because wouldn't a reasonable response at that point be to shoot back, to protect yourself, rather than turn around and accept the bullet in the back? However, we're ignoring a piece of evidence that came in immediately before that, is that the defendant pulled out a gun allegedly and took two shots and it didn't fire, and this person said, oh, someone gave you a gun that didn't fire. That doesn't seem like a statement that someone would make who's not armed, who's in fear, or who is. Well, I mean, I don't know how you're going from that to he has a gun now. But anyway, these facts don't show that the retaliation was warranted. Now, if there's something else, I think that you have to at least show on the record, but I guess it's because you're arguing that he was armed. No, we're arguing that there is a reasonable probability that had defense counsel made the court aware of this, that there would have been a different sentence. And the record bears this out. The record bears it out by the trial court telling the parties that he wished that there was a crime caused second degree. So you're saying the court would have concluded that these facts – The reasonable inference is that the court has already concluded that there is a mitigating factor present. And so if – Couldn't the court, if it really felt like that, couldn't the court have found at the trial that he didn't think he was trying to kill him? However, which goes back to my point that – Would that have assisted the court in fashioning a more appropriate sentence? However, we're ignoring the fact that the court and defense counsel were unaware, and this occurred in December before this new statute was even enacted. So there was no reason for any of the parties to address this particular issue at all. But can't courts, in their own way, fashion a sentence by their findings? And that was the whole point. If the court said, I don't find that when you pulled out that gun, you know, that you specifically intended to kill this guy, and I'm going to find you guilty of aggravated battery, could the court have done that? Or aggravated discharge of a firearm or something else. Well, in this particular instance, if the court has made the finding that the defendant actually shot the complaining witness, then he can't – Well, you can shoot someone without intending to kill them, certainly. Fifteen to 20, 25-year add-on was always there, okay? The attempt murder was the charge. The court had the ability to enter a finding of aggravated battery or aggravated discharge of a firearm. I think that the court was being honest in its assessment of the situation without realizing that this other newly enacted statute was on the books. And I think we have a situation where the complaining witness testified, without it being rebutted, that he believed that the defendant was attempting to shoot him in the chest. And that he turned around and he stated that he did it so that he wouldn't shoot me in the heart. All right. Thank you, Mr. Williams. Thank you. Ms. Coleman? Ms. Coleman, would you concede that the first prong is satisfied, that where there was no request by the defense counsel to even consider that, that that was an issue about substandard representation? No, I would not concede that point, Your Honor. Why not? It's the people's position that it was objectively reasonable, which is the test under the first prong under Strickland, for trial counsel not to ask in sentencing that based on the facts in this case, and trial counsel tried the case, he knew the facts and presumably he knew the law and he understood what is required to be shown in order to make an argument of serious provocation. And because of that, he elected instead to focus on other mitigating factors. Did they argue self-defense? Possibly, Your Honor. If you're arguing self-defense, isn't it implicit in that? Isn't it a lesser standard to show serious provocation at the sentencing hearing? I mean, it's a preponderance of the evidence argument there? No, Your Honor. Actually, attempt murder is what the defendant was charged with, and that's a specific intent crime. So if he could have shown self-defense, then presumably the defendant would have been acquitted of the charge because there is no specific intent if someone is acting under self-defense. Serious provocation is something entirely different. Given the facts of this case, and this Court must afford deference to a trial counsel's decisions and strategic decisions regarding what to argue in mitigation. Given the facts in this case, it was objectively reasonable for trial counsel to elect to proceed in a different way and to focus on other mitigating factors. In addition to that, even if this Court were to find that his decision was not objectively reasonable, the defendant still has the burden of showing prejudice. Let me ask you about that. You're reading of this statute, the subsection E statute, where it says that at the sentencing hearing, the burden is on the defendant to prove by a preponderance of the evidence the existence of these factors that would mitigate. Does that contemplate the possibility of a presentation of additional facts if the defendant so choose at the sentencing hearing, where he would present additional testimony and the State could present additional testimony and the judge would then make a decision based upon the preponderance of the evidence as to whether this mitigation exists? Is that your reading of the statute? No, Your Honor. The people's reading of the statute is that the trial court under C-1E in the sentencing hearing, the evidence that the trial court has to rely on is that which was proven in trial. Do you have authority on that? No, Your Honor. Because there really isn't any statutory procedure that's set out, is there? No, there isn't. This is a newly enacted statute. So wouldn't it be reasonable to assume under those circumstances that you could, having chosen not to testify, for example, at the trial, or chosen not to present certain witnesses as to the guilt or innocence for tactical reasons, then either the defendant could testify or they could bring in additional witnesses who they chose not to put on at the trial or both to try to prove by a preponderance of the evidence this sudden and intense passion based upon a serious provocation. Couldn't that happen? No, Your Honor. The sentencing hearing is always based on the evidence at trial, as this statute reads. That is what the trial court would have to rely on. Ms. Coleman, let me ask you this. Don't you think it's kind of a bit unfair that everybody apparently at the time of sentencing was probably operating under, that no one knew about this newly enacted sentencing provision? Don't you think that that's probably what occurred here because it was in effect for some 20 days or something? You know, the courts and the attorneys, everybody has been bombarded over the last 20 years with changes that are constantly occurring, most times twice a year. And don't you think it's apparent from this record perhaps that the judge, the public defender, and even the assistant state's attorney wasn't necessarily aware of this provision? That's certainly possible, Your Honor. But given the facts in this case, hypothetically speaking, even if defendants were allowed to speak with the court and to make certain allegations regarding, you know, facts that weren't presented at trial, given the fact that his response to receiving a single punch to the jaw was to take a firearm, to pull it out, to fire a weapon a total of five times, striking the victim three times about the body, and as Justice Epstein points out, there was absolutely no testimony that there was any, that the victim was armed. There was no testimony that the victim even tried to take the firearm from the victim. Over here, you know, as the proverbial, you know, devil's advocate, I mean, in this particular case, what is the harm of a remand where the defendant and the state get an opportunity to address this particular sentencing provision when it is obvious that the trial judge did not want to be bound by the 15, 20, and 25-year add-on? And that certainly is clear from this record. And others where the courts, the minimum sentence for murder involving a handgun where the defendant personally discharges that weapon is 45, right off the bat, 45. Twenty years ago, it was 20 years, and people were released after 11. I mean, things have changed, no doubt, and one of the changes is this 15 to 20 to 25-year add-on. So isn't it a bit unfair to say, well, maybe we should send this back for a remand for the court to consider the statute that wasn't considered because the lawyer obviously didn't know about it. And at that time, if the defendant is able to show by a preponderance, which is totally different than the burden of proof at trial, that perhaps the sentence should be fashioned more along the lines of what the judge suggested. Well, Your Honor, it's the people's position that remanding this case is not necessary because the defendant has raised a claim of ineffective assistance of counsel. And in order to raise a viable claim, he has to show prejudice here. The law is the law on serious provocation. So even if this court were to remand, based on these facts in this case, as a matter of law, there could be no finding of serious provocation in this case. So therefore, if the case is remanded, there would still be no finding of serious provocation under C1E. And so it's the people's position that the defendant has failed to meet his burden, that the facts in this case would not make a showing of serious provocation sufficient to establish even by a preponderance of the evidence under C1E serious provocation. For that reason, it's our position that remand here is not appropriate. Would you concede that if your interpretation of the procedure at the sentencing hearing is in error, and we've already established that they haven't told us in the legislature what the procedure should be at a sentencing hearing. For example, at the sentencing hearing, the state introduces evidence, for example, defendant's record and his behavior sometimes in the penitentiary or other things like that, they're entitled to bring witnesses in sentencing hearing and introduce new evidence that would act in aggravation. And the defendant at sentencing hearings in general is allowed to present witnesses and present arguments and additional evidence in mitigation. And if you are wrong that for some reason this statute that contemplates a burden of proof to the defendant to prove something by preponderance of the evidence actually allows him to introduce additional evidence, isn't it true then under those circumstances that we're not stuck with the record that was established at the trial, but merely the opportunity exists at a sentencing hearing both for the defendant to try to prove the mitigation and for the state to try to disprove it? And there would be then an additional universe of facts available to the sentencing judge to make the determination that subsection E requires, which is whether it does or does not exist by a preponderance of the evidence, that mitigation. Your Honor, I possibly misspoke. The people are not conceding that if this case were amended, defendant would be able to present a different set of facts. I understand Your Honor's argument that in presenting arguments. So you would make it different from any other aggravation or mitigation argument in any other criminal case in the state of Illinois, that somehow at this sentencing hearing for that purpose there would be no opportunity to present additional mitigation? Well, Your Honor, generally when defense counsel is presenting mitigating evidence in a sentencing hearing, and even when the state is presenting aggravating evidence, the state is not making arguments pertaining to the particular case trying to change the facts of the case and things that were not admitted in the evidence. Or victim impact statements, for example. What about behavior of the defendant completely outside the facts of this case? And if you have the right to bring in extraneous information, you're reading this to say, but when you're bringing in something absolutely pertinent to an issue that's set up by subsection E at a sentencing hearing, somehow you're going to be foreclosed from bringing in extraneous evidence? Yes, Your Honor, because subsection E, C1E, specifically deals with the charge, the crime in which the defendant was convicted in this case. Then why wouldn't it be said that the judge is finding a fact that the trial would be determinative of that? Because the legislature has decided that in order to reconcile the problem in situations where generally a defendant, where there was a mitigating circumstance present, was convicted and sentenced to a larger sentence when the victim actually didn't die because there wasn't the presence of a mitigating circumstance such as serious provocation, C1E was drafted to deal with that situation. And for that reason So only with the sudden and intense passion resulting from serious provocation? Yes. So if somebody puts on an ID defense, it wasn't me, then he would, by your theory, be precluded from ever arguing anything additional about whether there was serious provocation or not? Yes, Your Honor. To my knowledge, in a sentencing hearing, that's not the appropriate place for a defendant to then insert additional facts that he has the opportunity to insert. Isn't that what the statute, Ms. Coleman, is all about? That the legislature has decided to permit a subsequent sentencing hearing at which time the defendant is permitted to present evidence by a preponderance that the sudden and intense passion resulting from serious provocation was present by a preponderance? Yes, Your Honor. And that's possibly because, and presumably because, in People v. Lopez, the court explicitly stated that there is no attempt second-degree murder, so a defendant could never be tried under attempt second-degree murder. So in order to reconcile that issue, they allow for a mitigating circumstance, a showing of serious provocation, to allow a defendant's conviction in attempt first-degree murder to be reduced from Class X to Class 1. That does not mean that during a sentencing hearing, a defendant now has the opportunity to present additional facts when he had the opportunity at trial. This question isn't before us, but I do want your opinion. Do you agree with counsel that if this were remanded for a sentencing hearing and the court entered a sentence on a Class 1, that somehow then the court is not or would not be required to impose the add-on? No, that is not the People's position. As argued in the People's brief, and as Justice Epstein and also Justice McBride addressed in the defendant's argument, because it could arguably be said that there is some level of ambiguity in the statutory language, but in addition to that, the court has to consider the legislative intent behind the enactment of C1D, which is one of the firearm enhancement provisions, and C1E. They were enacted for two distinct legislative purposes. C1D and the firearm enhancement provisions were specifically enacted to deter the use of firearms in the commission of crimes. It was not enacted to say that where a defendant uses a firearm in the commission of a crime, but he can also show a mitigating circumstance. But under second degree, does the enhancement apply? Your Honor, the statute is silent as to whether or not the firearm enhancement applies. So it doesn't apply? The statute is silent, and I don't believe there is any case where. Well, if it's silent, then where do you get the idea that it's possible for a judge to say, I'm going to give you six years on a second degree, and by the way, I'm required to give you another 25? Well, Your Honor, we're dealing specifically with the attempt first degree murder statute. The statute doesn't change. The statute does not change the offense that the person is convicted of. I mean, it reduces the class, but I don't know that it changes. We haven't really explored this, but I don't believe the statute changes the offense from attempt murder. It permits a court at sentencing to sentence the offender under the provisions of second degree, making it a class I as opposed to a class X. But I don't think it's ñ I'm not sure. I mean, and I said this is really more academic right now. It is. Well, if Your Honor has no further questions for the people, the people would simply ask that based on the facts in this case, as there cannot be a finding of serious provocation as a matter of law, defendant cannot show prejudice, and because of that, his claim of ineffective assistance of counsel must fail. For that reason, we ask that you affirm defendant's conviction and sentence for attempt first degree murder. Thank you. Thank you, Ms. Coleman. Any final words, Mr. Williams? Your Honor, when it comes to the first problem, I think it's clear that defense counsel did not practice trial strategy when he failed to make the court aware. His obvious or reasonable inference to make is that defense counsel had no idea that the statute had been enacted, and it is reasonable to make this inference because the trial court did not either. And there would be no strategic reason not to give the court that particular information when the differences in sentences were four to 15 years as opposed to 31 alike, which is a 16-year difference. That is not trial strategy. Furthermore, when it comes to whether or not the newly enacted statute would allow for new evidence to be submitted, I think that's very clear because there is no situation where mutual combat would have any effect on a conviction for first attempt degree murder. So in this particular instance, defense counsel would not really be able to be able at trial to put on any evidence of mutual combat if his theory of defense is misidentification or self-defense. The statute necessarily states that if a defendant can show at sentencing whether or not that there was severe provocation, I think that that's pretty clear that new evidence could be submitted at this particular hearing. And furthermore, this is a case where I think that both prongs of Strickland have clearly been met. Here, defense counsel, had defense counsel made the court aware, when the court informed defense counsel that he wished that there was a possibility that there was attempt second degree murder statute, that when defense counsel did not come forward with this information, he prejudiced the defendant in the fact that there is a reasonable probability that the sentence would have been different. So you're looking for a remand for defense? Yes, and I don't believe that there's any harm in doing that in this particular instance. Are there no more questions? Thank you very much, both counsel, for very well presented argument and briefs. Take the matter under advisement and we'll issue a ruling in due course.